IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADAM W. E. STEMMONS,

   Plaintiff,

v.

GEORGIA CORSO,

   Defendant.

Civil Action No.: ELH-21-1035

**MEMORANDUM**

Adam Stemmons, who is self represented, filed suit (ECF 1) against Georgia Corso,[1] his landlord, along with attachments. ECF 1-1; ECF 1-2. In addition, Stemmons has filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). ECF 3. Plaintiff has also filed a "Request for stay and show cause" ("Motion for Stay"); a "Motion for prose serving at expense of the government"; and a motion for summary judgment. ECF 4; ECF 5; ECF 6. Each of these motions shall be addressed, in turn.

Plaintiff's Motion for Stay asks the Court to issue an order directing the defendant "to give a time and date of when she plans to come in" plaintiff's home within the next seven days. ECF 5 at 1. Plaintiff asserts that the landlord has refused to specify a time, and this violates the Americans with Disabilities Act ("ADA"), which requires accommodation for his "Chronic form of PTSD." *Id.*; ECF 1-1 at 1. The Complaint further asserts that defendant violated the Fair Housing Act by failing to provide plaintiff with a specific time at which she would enter his apartment to make repairs.

---

[1] Plaintiff sued Ms. "Corso" but the docket reflects the name of "Corsco." The Clerk shall correct the docket.

In effect, the motion seeks injunctive relief.  "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be.").  A party seeking a temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) the injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009).  Plaintiff must satisfy each requirement, as articulated.  *Real Truth About Obama, Inc*.,575 F.3d at 347. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Plaintiff does not address any of the requirements he must satisfy for injunctive relief.  He provided a doctor's note indicating the need for an uninterrupted schedule, and therefore one week's notice prior to entry, in light of his anxiety and post-traumatic stress disorder.  ECF 1-1, ECF 1-2.  But, plaintiff makes no assertions as to his likelihood of success on the merits. He provides only a conclusory assertion in his motion for summary judgment, stating that "there is not much argument that can be made showing him to be wrong."  ECF 6.

As to irreparable harm, plaintiff asserts that when his schedule is disrupted it takes at least one day to get back on the schedule.  ECF 1-1 at 2.  However, plaintiff makes no showing to establish that this harm is irreparable.  As plaintiff does not make any showings as to the balance of equities or public interest factors either, I will deny his Motion for Stay.

As to plaintiff's motion for summary judgment, service of process has not yet been effectuated on defendant and therefore entering summary judgment in plaintiff's favor is not procedurally appropriate at this time. Accordingly, the motion for summary judgment is denied, without prejudice.

As plaintiff has been granted *in forma pauperis* status, his "Motion for prose serving at expense of the government" is granted, and service will be conducted by the United States Marshal Service. *See* Fed. R. Civ. P. 4(c)(3). It does not appear, however, that plaintiff has furnished a U.S. Marshal service of process form for the named defendant in this case and has not provided service copies of the Complaint. Until plaintiff cures this problem, service shall not be issued.

The Clerk shall be directed to mail a copy of the U.S. Marshal form to plaintiff, who must complete and return it to the Clerk within twenty-one (21) days from the date of this Order. In addition, plaintiff must provide a copy of the Complaint for the named defendant.

Plaintiff has not provided a completed summons for the defendant. He must do so before summons may be issued by the Clerk. Plaintiff will be provided blank summons forms by the Clerk.

Failure to comply with this Order may result in dismissal, without prejudice, of the Complaint. Once the forms and the service copies of the Complaint are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

An Order follows.

Date: May 5, 2021                                           /s/
                                                            Ellen L. Hollander
                                                            United States District Judge