IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADAM STEMMONS,
   *Plaintiff,*

v.

GEORGIA CORSO,

   *Defendant.*

Civil Action No. ELH-21-1035
(Related Case: Civil Action No. ELH-21-1916)

**MEMORANDUM**

The self-represented plaintiff, Adam Stemmons, filed this action on May 3, 2021, against defendant Georgia Corso, alleging violations of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"). ECF 1. An Amended Complaint followed on May 21, 2021. ECF 15. Since then, plaintiff has moved two additional times to amend his complaint (ECF 20; ECF 25), which defendant has opposed (ECF 26).

On July 30, 2021, plaintiff filed a new action against defendant, along with exhibits. *See* ELH-21-1916, ECF 1. His Complaint in the second action largely incorporated the content of the proposed Amended Complaint here (ECF 25). In addition, plaintiff asserted that defendant refused to permit plaintiff to submit his rent payment via cash or check and refused to address an electricity issue in his apartment, in violation of the ADA and the FHA. ELH-21-1916, ECF 1. Given the similarity of the allegations in the two matters, and in the interest of judicial economy, I consolidated the two actions, and closed ELH-21-1916. *See* ELH-21-1035, ECF 30.

Plaintiff's Complaint in ELH-21-1916 has since been docketed in ELH-21-1035 as a Supplement to the Complaint. *See* ELH-21-1035, ECF 31 (the "Supplement"). And, I directed

defendant to respond to the Complaint, including the Supplement, within 28 days from the date of the Order, i.e., by September 1. *See* ECF 30.

As noted, the Supplement largely incorporates the content of plaintiff's proposed Amendment Complaint (ECF 25). Because the Supplement has been docketed, I shall deny as moot plaintiff's two prior motions to amend his Complaint (ECF 20; ECF 25).

Defendant filed a motion to dismiss on June 30, 2021. ECF 21. But, ECF 21 is now moot because it is directed to an earlier version of the suit, filed prior to the docketing of the Supplement. Of relevance here, an amended complaint generally replaces the original complaint. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Therefore, I shall deny the motion to dismiss as moot, but without prejudice to defendant's right to renew the motion, directed to the current version of the suit, including the Supplement.

For his part, plaintiff has filed a flurry of motions. These include a motion "to dismiss and or strike the defenses [sic] motion to dismiss" (ECF 23) and two motions for summary judgment (ECF 18; ECF 37). The prediscovery summary judgment motions are premature and shall be denied, without prejudice. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). I shall also deny ECF 23 as moot, given my disposition of ECF 21, to which it was directed.

In addition, plaintiff has filed a "Motion to Compel Discovery" (ECF 32); a "Motion to have the Scheduling Order Issued" (ECF 33); and a "Motion to Compel Deposition" (ECF 34). Defendant opposes these motions. ECF 39. Plaintiff has replied. ECF 40. Given the posture of the case, these motions are premature and shall be denied, without prejudice. *See, e.g.*, Local Rule 104.4 ("[D]iscovery shall not commence . . . until a scheduling order is entered.").

Plaintiff has also filed a "Motion for leave to file through the online system" (ECF 35) and a "Motion for assigned lawyer" (ECF 36). I turn to those motions.

Plaintiff's "Motion for assigned lawyer" asks "for a lawyer to be assigned to this case," citing the "time and money" he has spent and his competing work and academic demands. ECF 36. He asserts, without authority, that "[t]he law allows him to be assigned a lawyer." *Id*.

Section 1915(e)(1) of Title 8 of the United States Code provides that a federal district court "may request an attorney to represent any person unable to afford counsel." However, a federal district court judge's power to appoint counsel under § 1915(e)(1) is a discretionary one, and "should be allowed only in exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Manship v. Trodden*, 273 F. App'x 247, 248 (4th Cir. 2008) (per curiam). The question of whether exceptional circumstances exist in a particular case depends on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

At this juncture, I see no basis to appoint counsel for plaintiff. Through his filings, plaintiff has demonstrated an ability to pursue his claims. Further, defendant's response to the amended suit is not due until September 1, 2021. Thus, it cannot yet be determined if a hearing or discovery will be necessary to the disposition of this case. As of now, however, I discern no exceptional circumstances that warrant the appointment of an attorney to represent plaintiff under 8 U.S.C. § 1915(e)(1).

Finally, plaintiff's "Motion for leave to file through the online system" makes a "request to file online through PACER," citing the cost of traveling in person to the courthouse. ECF 35. Per this Court's Standing Orders, "self-represented parties must . . . make court filings either by hand delivery to the Clerk's Office *or by first class mail*." *In re: Consent to Receive Electronic*

*Notice*, Case 1:00-mc-00308, Standing Order 2018-05 (D. Md. Oct. 12, 2018) (emphasis added).

Accordingly, I shall deny this motion.

    An Order follows, consistent with this Memorandum.


Date: August 25, 2021                            /s/
                                                           Ellen L. Hollander
                                                           United States District Judge